# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3145

_____

United States of America

*Plaintiff - Appellee*

v.

Julian Mitchell

*Defendant - Appellant*

_____

No. 14-3148

_____

United States of America

*Plaintiff - Appellee*

v.

Julian Mitchell

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 5, 2015
Filed: June 8, 2015
[Unpublished]
_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.
_____

PER CURIAM.

In these consolidated matters, Julian Mitchell–proceeding pro se–directly appeals following imposition of sentence by the district court[1] upon his guilty plea to a felon-in-possession charge and the revocation of his supervised release in a prior criminal matter. We affirm.

While Mitchell was serving a 5-year term of supervised release, authorities found a firearm in his residence, and he was charged with being a felon in possession of a firearm. Mitchell's supervising probation officer thereafter obtained a violator's warrant against Mitchell for violating his supervised release conditions. The new criminal matter and the supervised release proceedings were combined for disposition.

Mitchell moved to suppress the firearm found during the search of his residence. Following an evidentiary hearing, the district court adopted (without objection) the magistrate judge's[2] report and recommendation to deny the motion. Mitchell thereafter pleaded guilty to the felon-in-possession charge, reserving his

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[2]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

right to appeal the denial of his suppression motion. At a combined sentencing and revocation hearing, Mitchell admitted violating several of his release conditions, as charged in the violation report, and supervised release was revoked. Following argument by both sides and Mitchell's opportunity for allocution, the district court sentenced Mitchell to serve 46 months in prison and three years of supervised release on the felon-in-possession charge, and to serve 30 months in prison as a revocation sentence on the prior criminal matter, with the sentences to run consecutively.

On appeal Mitchell argues that the district court erred in denying his suppression motion, because (1) the search was conducted based on consent given by his mother, who was mentally incompetent to give consent, and (2) he did not consent to the search. These arguments fail. See United States v. Sigillito, 759 F.3d 913, 923 (8th Cir. 2014) (standard of review); United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001) (failure to object to magistrate judge's report). We agree with the district court that the searching officers reasonably relied on the consent given by Mitchell's mother: she opened the door to the residence, indicated that she lived there with her son, and demonstrated familiarity with the premises. We see nothing in these facts, or the testimony developed at the suppression hearing, that would have suggested to the officers that the mother lacked mental capacity to consent to a search of the premises. See United States v. Lindsey, 702 F.3d 1092, 1096-97 (8th Cir. 2013) (discussing officer's reasonable reliance on third party's demonstration of apparent authority to consent to search of premises). As to Mitchell's refusal to give his consent, we note that he did not object to the search in his mother's presence. Indeed, he was at police headquarters at the time and had agreed to think about whether he would consent to the search. Cf. Fernandez v. California, 134 S. Ct. 1126, 1129-30, 1132-37 (2014) (discussing narrow exception that finds third-party consent insufficient when another occupant is present and objects to search).

Mitchell also contests his revocation sentence, arguing for the first time on appeal that the district court wrongly inflated his revocation range, failed to announce

what the range was, and failed to explain its variance from the range. We find no abuse of discretion. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (deferential abuse-of-discretion standard); United States v. Brandon, 521 F.3d 1019, 1027 (8th Cir. 2008) (unobjected-to procedural errors are reviewed for plain error). The probation officer's supervised-release-violation packet–including a list of violations, as well as a worksheet reflecting the "grade" assigned to each violation and the resulting Guidelines revocation range–was before the court and the parties and was referred to at times. Mitchell stipulated that he had violated a supervised condition (among others) prohibiting his commission of another crime–which the worksheet noted was a Grade A violation yielding a range of 24-30 months in prison based on his criminal history category. We find no basis to conclude that error (plain or otherwise) occurred in calculating or stating the revocation range. See United States v. Whirlwind Soldier, 499 F.3d 862, 874 (8th Cir. 2007). We also find that the 30-month sentence, falling at the top of the range, was substantively reasonable. See Feemster, 572 F.3d at 461. Finally, we conclude that the ineffective assistance claims that Mitchell has raised are not properly before us in this direct criminal appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007).

The judgment is affirmed.

_____